IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WELTON JAMES WATSON, II                                          PLAINTIFF

V.                              CIVIL NO. 4:12-cv-04028

SHERIFF RON STOVALL;
WILLIAM FLOYD; MARTY
BRAZELL; NADIA BROWN;
and CORRECTIONAL HEALTHCARE
COMPANY                                                          DEFENDANTS

## UNITED STATES MAGISTRATE REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Welton Watson, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's Motion for Preliminary Injunction and Brief in Support. ECF Nos. 15, 26. Defendants did not respond. After careful consideration, the undersigned makes the following Report and Recommendation.

I.     **BACKGROUND**

In Plaintiff's Amended Complaint, he asserts he was denied and/or delayed medical care and medication. ECF No. 22, pp. 4-5. Specifically, Plaintiff alleges he was denied his medication after being booked into the Miller County Detention Center ("MCDC") even though he informed Nurse Brown that he was diabetic and had Hepatitis C. ECF No. 22, p. 5. Additionally, Plaintiff asserts he passed out in his pod and had "abnormal readings" but nothing was done to find the cause of these events. Finally, Plaintiff claims it took three months for him to see a doctor. ECF No. 22, p. 5. Plaintiff asserts all of this was done to avoid the costs of providing him medical care. ECF No. 22,

p. 22.[1]

## II.     APPLICABLE LAW

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions.  In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors:  (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest.  *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997);  *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).  No single factor in itself is dispositive;  rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction.  *See Sanborn*, 997 F.2d at 486 (citing *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987)).

## III.    DISCUSSION

Plaintiff filed his Motion for Preliminary Injunction on May 8, 2012.  ECF No. 15.  At that time Plaintiff was incarcerated MCDC.  In the Motion, Plaintiff asserts he has "medical disease and other complications" that require medical testing other than blood tests.  Further, Plaintiff argues Defendants are avoiding him because of the costs of the medical expenses.  Plaintiff requests the Court order Defendants to "act" regarding his medical care.  ECF No. 15.

On July 18, 2012, Plaintiff filed a Brief in Support to Preliminary Injunction.  ECF No. 26.

---

[1] Plaintiff also makes several claims relating to the conditions of confinement at MCDC, however, these claims are unrelated to Plaintiff's requested injunction.

The substance of this Brief does not appear to be a brief in support of Plaintiff's Motion for Preliminary injunction. In the Brief, Plaintiff reiterates and elaborates on his claims and requests the Court grant him the costs of his medical treatment and compensatory damages. ECF No. 26. This document is more appropriately characterized as a Supplement to the Complaint and will be treated as such by the Court.

Plaintiff filed a notice of change of address on July 23, 2012 indicating he was no longer incarcerated at the MCDC. ECF No. 28. There is no longer the possibility of irreparable harm to Plaintiff or any public interest in granting the injunction. Therefore, the balance of equities clearly weighs in favor of denying the injunction. Accordingly, I recommend that Plaintiff's Motion for Preliminary Injunction (ECF No. 15) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **5th day of December 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE