IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WELTON JAMES WATSON, II                                                        PLAINTIFF

V.                                    CIVIL NO. 4:12-cv-04028

SHERIFF RON STOVALL;
WILLIAM FLOYD; MARTY
BRAZELL; NADIA BROWN;
and CORRECTIONAL HEALTHCARE
COMPANY                                                                        DEFENDANTS

## ORDER

Currently before the Court is Separate Defendants Brown and Correctional Healthcare Company's Motion for HIPAA Qualified Protective Order. ECF No. 58. Separate Defendants Stovall, Floyd, and Brazel did not respond, nor did Plaintiff. The Court finds the Motion is ripe for consideration.

Separate Defendants Brown and Correctional Healthcare Company ("CHC Defendants") seek a HIPAA Qualified Protective Order pursuant to 45 C.F.R. § 164.12. The CHC Defendants argue such an order is necessary to allow the parties in this litigation to obtain and use protected health information pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") for the purpose of this litigation while preventing unauthorized disclosure of said protected health information.

Pursuant to HIPAA implementing regulations an entity covered by HIPAA, without authorization of the individual at issue in the medical records:

> may disclose protected health information in the course of any judicial or administrative proceeding . . . [i]n response to a subpoena, discovery request, or other lawful process,

1

> that is not accompanied by an order of the court or administrative tribunal, if . . . [t]he covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section . . .
>
> [A] qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that: (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

45 C.F.R. § 164.512(e). CHC Defendants do not represent that Plaintiff refused to give his authorization to the use of his medical records in this proceeding or whether Plaintiff objected to the use of his medical records in these proceedings pursuant to 45 C.F.R. § 164.508, 510. The Court will presume, given the CHC Defendants filing of the instant Motion, that Plaintiff has failed to give his consent or objected to the use of his medical records for the purpose of this matter. Plaintiff has, however, put his medical treatment in issue in this case with his claims relating to his alleged denial of medical care. *See* Amended Complaint, ECF No. 22. Further, CHC Defendants have represented they need to submit portions of Plaintiff's medical records as support for their Motion for Summary Judgment, and seek the HIPAA Qualified Protective Order to protect and prevent unauthorized dissemination of Plaintiff's protected health information attached to such motion.

As Plaintiff has put his medical condition in issue and CHC Defendants have represented the legitimate need to submit Plaintiff's medical records in support of their Motion for Summary Judgment, the Court finds good cause is shown for entry of a HIPAA Qualified

Protective Order. Accordingly, CHC Defendants' Motion for a HIPAA Qualified Protective Order is hereby **GRANTED**. The Court notes, however, that the instant order and the subsequent HIPAA Qualified Protective in no way limits Plaintiff's rights to obtain, use, and retain his own medical records as he sees fit. *See* 45 C.F.R. § 164.524. The HIPAA Qualified Protective Order will be entered by separate order.

**IT IS SO ORDERED** this 22nd day of August 2013.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE