IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WELTON JAMES WATSON, II                                                                               PLAINTIFF

V.                                          CIVIL NO. 4:12-cv-04028

SHERIFF RON STOVALL;
WILLIAM FLOYD; MARTY
BRAZELL; and NURSE NADIA BROWN                                                                 DEFENDANTS

**O R D E R**

Plaintiff proceeds in this section 1983 action *pro se* and *in forma pauperis*. Before the Court are Plaintiff's (1) fourth Motion to Supplement Amended Complaint (ECF No. 73); (2) fifth Motion to Supplement Amended Complaint (ECF No. 77); (3) sixth Motion to Supplement Amended Complaint (ECF No. 80); and (4) seventh Motion to Supplement Amended Complaint (ECF No. 84). Separate Defendants Stovall, Brazell, and Floyd responded to Plaintiff's fifth Motion to Supplement Amended Complaint. ECF No. 75. Plaintiff replied. ECF No. 83.

**I.    BACKGROUND**

In Plaintiff's Amended Complaint, he asserts he was denied and/or delayed medical care and medication. ECF No. 22. Specifically, Plaintiff alleges he was denied his medication after being booked into the Miller County Detention Center ("MCDC") even though he informed Nurse Brown that he was diabetic and had Hepatitis C. Additionally, Plaintiff asserts he passed out in his pod and had "abnormal readings" but nothing was done to find the cause of these events. Finally, Plaintiff claims it took three months for him to see a doctor. ECF No. 22. Plaintiff also

makes multiple conditions of confinement claims in his Amended Complaint. ECF No. 22. Specifically, Plaintiff alleges he was exposed to fumes from a gas powered pressure washer causing him to pass out; there were unsanitary conditions in his pod; he was not provided cleaning supplies; there was black mold in the shower; he did not have clean clothes on a regular basis; he was served cold food; and there was no cleaning solution to clean the hair clippers. ECF No. 22. Finally, Plaintiff claims he was denied access to the law library and could not get documents notarized. ECF No. 22. All of the allegations in Plaintiff's Amended Complaint relate to a time period spanning from February to May of 2012. ECF No. 22.

Since the filing of his original Complaint, in addition to his Amended Complaint, Plaintiff has filed sixteen (16) Supplements, Motions to Amend his Complaint, Motions to Supplement his Complaint, or Motions to Supplement his Amended Complaint. ECF Nos. 5, 8, 9, 10, 11, 12, 13, 14, 16, 19, 25, 27, 73, 77, 80, & 84.

## II.     APPLICABLE LAW

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) ***Amending as a Matter of Course***. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) ***Other Amendments***. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion

whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994).

**III.    DISCUSSIONS**

1.    <u>Fourth Motion to Supplement Amended Complaint (ECF No. 73)</u>

In his fourth Motion to Supplement Amended Complaint, Plaintiff seeks to add to his Amended Complaint (1) a log of events from September 5, 2013 to September 15, 2013; (2) grievance, request, and sick call forms concerning the same time period; and (3) MCDC Rules and Policies Sections 6-1002. ECF No. 73.

Defendants responded arguing that Plaintiff should not be allowed to supplement his Complaint with these allegations as they are completely unrelated to the allegations made in Plaintiff's Amended Complaint. Specifically, Plaintiff's Amended Complaint concerns events occurring in February and March of 2012, while this supplement concerns events occurring in September 2013. ECF No. 75.

Plaintiff replied that his Motion included a request to supplement sections 6 - 1002 of the MCDC Rules and Policies as well as a request for legal materials and both of these pertain to issues in this case. ECF No. 83.

3

As an initial matter the Court notes Plaintiff failed to attach sections 6 - 1002 of the MCDC Rules and Policies to his Motion. Further, Plaintiff did attach what he purports to be a copy of sections 6-1002 of the MCDC Rules and Policies to his Amended Complaint. Accordingly, granting Plaintiff's Motion as it relates to sections 6 - 1002 would be futile.

Further, while the events Plaintiff's seeks to add to this matter through this Motion are somewhat similar to those complained of in his Amended Complaint, the events in the Motion occurred over a year after the claims alleged in Plaintiff's Amended Complaint. Therefore, they are unrelated to the claims alleged in Plaintiff's Amended Complaint.

The Court need not grant Plaintiff leave to amend his Amended Complaint when Plaintiff seeks to add claims unrelated to those alleged in his Amended Complaint. *Wishon v. Gammon*, 978 F.2d 446, 448 (8th Cir. 1992). Additionally, this is Plaintiff's fourth motion to supplement his amended complaint. While the Court is to freely grant leave to amend, Plaintiff is not entitled to unlimited amendments to his Amended Complaint. *Zenith Radio Corp.,* 401 U.S. at 330–32. Plaintiff cannot continue to add new claims in this matter as new incidents occur at the MCDC. Defendants in this matter have been served, entered Answers, and filed Motions for Summary Judgment in this matter. Allowing such continuous amendments would be unduly prejudicial to Defendants and impede the resolution of this matter.

Accordingly, Plaintiff's fourth Motion to Supplement Amended Complaint (ECF No. 73) is **DENIED.** Plaintiff may seek to file a new and separate case regarding the new allegations if he wishes.

    2.    <u>Fifth Motion to Supplement Amended Complaint (ECF No. 77)</u>

In his fifth Motion to Supplement Amended Complaint, Plaintiff seeks to add to his

Amended Complaint: (1) lab test from September 17, 2013, October 2, 2013, and October 4, 2013 regarding his Hepatitis C; (2) a log of events for September 2013; and (3) requests and grievance forms from September and October of 2013. ECF No. 77.

For the same reasons as discussed above, Plaintiff's fifth Motion to Supplement Amended Complaint (ECF No. 77) is **DENIED**. Plaintiff may seek to file a new and separate case regarding the new allegations if he wishes.

3. Sixth Motion to Supplement Amended Complaint (ECF No. 80)

In his sixth Motion to Supplement Amended Complaint, Plaintiff seeks to add to his Amended Complaint exhibits used by Defendants in their "First Motion for Summary Judgment." These exhibits include lab results and grievance forms. ECF No. 80.

Plaintiff's request in this Motion is inappropriate as the documents he seeks to supplement do not consist of new claims but rather are evidence in this matter. There is no need to supplement his Amended Complaint with evidence at this stage. Plaintiff may instead submit this evidence in connection with his response to Defendants' Motion for Summary Judgment if he wishes.

Accordingly, Plaintiff's sixth Motion to Supplement Amended Complaint (ECF No. 80) is **DENIED.** If Plaintiff wishes the Court to consider this evidence he must submit it in connection with his Response to the Defendants' Motions for Summary Judgment.

4. Seventh Motion to Supplement Amended Complaint (ECF No. 84)

In his seventh Motion to Supplement Amended Complaint, Plaintiff seeks to add to his Amended Complaint a log of events for October 2013. ECF No. 84. For the same reasons as discussed with Plaintiff's fourth Motion to Supplement, Plaintiff's seventh Motion to Supplement Amended Complaint (ECF No. 84) is **DENIED**. Plaintiff may seek to file a new and separate case

regarding the new allegations if he wishes.

Lastly, Plaintiff is advised to take special note of the above explanation that new events occurring at the MCDC may not be supplemented to this matter. Therefore, there is no need to file any additional Motions to Supplement concerning events that occurred after May 2012. Further, a Motion to Supplement is not the appropriate manner to submit evidence related to the claims in Plaintiff's Amended Complaint. Instead, Plaintiff should submit such evidence in connection with a motion or a response to a motion (such as his response to Defendants' Motions for Summary Judgment) or at an evidentiary hearing.

Accordingly, Plaintiff must seek permission from the Court to file any further Supplements to Amended Complaint, Motions to Supplement Amended Complaint, or Motions to Amend Amended Complaint. The Clerk is **DIRECTED** not to file any Supplements to Amended Complaint, Motions to Supplement Amended Complaint, or Motions to Amend Complaint from Plaintiff without prior direction from the Court. **Should Plaintiff disregard this Order by attempting to again supplement or amend his Complaint without permission of the Court, the Court may impose sanctions up to and including dismissal of the Amended Complaint.**

**IT IS SO ORDERED** this 12th day of November 2013.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE