IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WELTON JAMES WATSON, II                                                                PLAINTIFF

V.                                          CIVIL NO. 4:12-cv-4028

SHERIFF RON STOVALL, Miller County
Sheriff; WILLIAM FLOYD, Maintenance
Supervisor, Miller County Detention Center;
MARTY BRAZELL, Jail Administrator, Miller
County Detention Center; NADIA BROWN, Head
Nurse, Correctional Healthcare Co., and
CORRECTIONAL HEALTH CARE COMPANY                                       DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed February 14, 2014, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 100). Judge Bryant recommends that Defendants' Motions for Summary Judgment (ECF Nos. 61 & 66) be granted. On February 29, 2014, Plaintiff Welton James Watson, II ("Watson") filed objections to Judge Bryant's Report and Recommendation. (ECF No. 101). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

Watson makes three objections to the Report and Recommendation. First, Watson objects to the Report and Recommendation because he could not adequately represent himself. Specifically, Watson states he was disadvantaged because he is presently incarcerated and he proceeds pro se. "[T]he right of access to the courts guarantees an inmate the ability to file lawsuits that directly or collaterally attack the inmate's sentence or that challenge the conditions of the inmate's confinement, but it does not extend to the right to 'discover grievances' or to 'litigate effectively once in court.'" *Cody v. Weber*, 256 F.3d 764, 768-69 (8th Cir. 2001)

1

(quoting *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996)).  Watson only asserts that he could not litigate effectively.  Accordingly, his objection is without merit.

Second, Watson objects because he asserts he has shown that Defendants Nadia Brown and the Correctional Health Care Company ("the Medical Care Defendants") violated his Eighth Amendment rights when they did not adequately treat him for Hepatitis C, high blood pressure, and diabetes.  Additionally, Watson asserts that he has shown that the Medical Care Defendants violated his Eighth Amendment rights when they crushed his prescription pills prior to distribution.

Watson already made these arguments before the court, and Judge Bryant fully addressed them in his Report and Recommendation.  As Judge Bryant stated, to prevail on an Eighth Amendment claim, Watson must prove that the defendant acted with deliberate indifference to any serious medical need.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The deliberate indifference standard includes both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs."  *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).  When an inmate complains of a delay in treatment, he must show by verifying medical evidence that the delay had a detrimental effect on his health.  *See e.g.*, *Laughlin v. Schiro*, 430 F.3d 927, 929 (8th Cir. 2005).  In this case, Watson asserts that the Medical Care Defendants failed to adequately treat him for certain diseases and crushed his medication but provides nothing to show that the lack of treatment and crushed medication had a detrimental effect on his health.  Accordingly, Watson has failed to show his Eighth Amendment rights were violated by the Medical Care Defendants.

Finally, Watson objects to the Report and Recommendation because he asserts he has shown that Defendant Floyd violated his Eighth Amendment rights when he used a gas powered pressure washer to clean the showers in the Miller County Detention Center. Specifically, Watson asserts that the washer subjected him "to toxic fumes known as carbon dioxide."

Watson also already made this argument before the court, and Judge Bryant fully addressed it in his Report and Recommendation. As Judge Bryant stated, to challenge the conditions of confinement under the Eighth Amendment, the plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the prison that created a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id.* at 835. According to Watson, Defendant Floyd told Watson and other inmates to go to the recreation yard while the showers were cleaned using the gas powered washer. Because of the cold temperatures, rather than going outside, Watson and other inmates waited in a hallway near the showers. While in the hallway, Watson was exposed to gas emanating from the washer. Such conduct by Defendant Floyd falls short of deliberate indifference. Accordingly, Watson has not established an Eighth Amendment claim.

For the reasons set forth above, the Court overrules Watson's objections and adopts Judge Bryant's Report and Recommendation. (ECF No. 101). Accordingly, Defendants' Motions for Summary Judgment (ECF Nos. 61 & 66) are **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of March, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge